UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:07CV-124-R

RICKIE JOE GIBBS                                                                      PLAINTIFF

v.

DEPARTMENT OF THE ARMY                                                    DEFENDANT

**ORDER**

This matter is before the Court on Defendant's Motion to Dismiss (Docket #11). Plaintiff filed a response (Docket #12) to which Defendant replied (Docket #17). Plaintiff has also filed a Motion to Deny Dismissal of Case (Docket #15). These matters are now ripe for adjudication.

Plaintiff is a former member of the United States Army. Plaintiff asserts that he earned the position of becoming America's Bicentennial Covert Agent in 1976 in order to give the American people the answers to their questions concerning the Vietnam War. Plaintiff states that Oliver North shredded the documentation proving this fact during the Iran Contra scandal. Plaintiff was discharged from the Army on July 31, 1982. Plaintiff states that he did not stop receiving cash payments from the Army until December 1, 1988. Plaintiff asserts that he could reveal classified information only after a twenty-five year waiting period.

Plaintiff filed this civil action against the Department of the Army on July 13, 2007. In his response brief to the present motion, Plaintiff clarifies that he seeks the following; (1) that the incorrect paperwork in the possession of the Army be corrected; (2) his service as Bicentennial Covert Agent be acknowledged; (3) and assistance in any way to meet with President George W.

Bush.[1]

Defendant asserts that Plaintiff's claims are barred by the statute of limitations. "When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)); *see Bishop v. Lucent Techs., Inc.*, No. 07-3435, 2008 U.S. App. LEXIS 6573, at *3 (6th Cir. Mar. 25, 2008) (reviewing dismissal of case as barred by the governing statute of limitations under Fed. R. Civ. P. 12(b)(6)). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

Title 28 U.S.C. § 2401(a) provides that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." "This bar applies to all civil actions whether legal, equitable, or mixed." *McDonald v.*

---

[1] In his response brief to the present motion, Plaintiff states that he realizes that the Army has no control over the President. He asserts that his purpose of adding the demand in his Complaint to meet with the President "was to show in writing when necessary, that President Bush and his Administration refused to acknowledge America's Bicentennial Soldier, who earned his authority."

*Resor*, No. 94-5039, 1994 U.S. App. LEXIS 21597, at *4 (6th Cir. Aug. 10, 1994).

Plaintiff admits that he was "armed with the facts about the harm done to him when Oliver North shredded his identity for his safety and protection." Plaintiff alleges that the shredding occurred in November or December of 1989. By this time, Plaintiff had already been discharged from the Army and had stopped receiving cash payments from the Army. Plaintiff states that he did not file this action until 2007 due to a twenty-five year de-classification period.

In *McDonald v. Resor*, the Sixth Circuit addressed the claims of a former service member who sought, among other things, an order directing upgrade of his discharge and removal of derogatory information from his record. *Id.* at *2-3. The plaintiff had been discharged from the service on January 10, 1970, and filed suit on March 16, 1993. *Id.* at *2. The Sixth Circuit held that the plaintiff's claims were time-barred, stating that the limitations period of 28 U.S.C. § 2401(a) applies to claims seeking to correct or upgrade the discharge of former service members. *Id.* at *4. The Sixth Circuit held that the accrual date was the date of the plaintiff's discharge. *Id.* at *5.

Here Plaintiff was discharged on July 31, 1982. It was on that date that the statute of limitations began to run on any action that he might have arising from the discharge, including any claims of incorrect paperwork or lack of status recognition. *See id.* Thus, Plaintiff's complaint was time-barred six years later on July 31, 1988.[2] Plaintiff points to no support, nor can this Court find any, for his theory that a de-classification period tolled the statute of limitations. Therefore, Plaintiff's claims are untimely.

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED and Plaintiff's

---

[2] Even if this Court finds that Plaintiff's claims did not accrue until December 1989, the date by which Plaintiff admits that he was "armed with the facts about the harm done to him," Plaintiff's claim would have been time-barred as of December 1995.

3

Motion to Deny Dismissal is DENIED. This case is hereby DISMISSED. This is a final and appealable order.